

**TN** Department of
**Commerce &**
**Insurance**

Service of Process
500 James Robertson Parkway
Nashville, Tennessee 37243

7016 0750 0000 2778 2109



CERTIFIED MAIL

7016 0750 0000 2778 2109
ERIE INSURANCE COMPANY
100 ERIE INSURANCE PLACE, % T. CAVANAUG
ERIE, PA 16530-0001

12/28/16

FIRST CLASS



02 1M
000 4292626  $ 06.67⁵
UNITED STATES POSTAGE
MAILED FROM ZIPCODE 37243
JAN 11 2017

156ab09ad001 CC99

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

December 28, 2016

Erie Insurance Company
100 Erie Insurance Place, % T. Cavanaugh
Erie, PA  16530-0001
NAIC # 26263

Certified Mail
Return Receipt Requested
7016 0750 0000 2778 2109
Cashier # 29768

Re:  Marcus Love And Danya Love  V.  Erie Insurance Company

   Docket # C-16-355

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served December 22, 2016, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Madison County
    515 South Liberty
    Jackson, Tn  38301

## THE STATE OF TENNESSEE, MADISON COUNTY
## CIRCUIT COURT

| | |
|---|---|
| **MARCUS LOVE and DANYA LOVE,** | **SUMMONS IN A CIVIL ACTION** |
| Plaintiffs, | NO. C-16-355 |
| vs. | Address: DIV II |
| **ERIE INSURANCE COMPANY,** | **ERIE INSURANCE COMPANY** |
| | c/o Commissioner of Insurance |
| Defendant. | 500 James Robertson Parkway |
| | Nashville, TN  37243 |
| | **PLEASE SERVE THROUGH THE** |
| | ~~SECRETARY OF STATE~~ |

To the above named Defendant(s):

You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon **Clint Scott, Gilbert Russell McWherter Scott & Bobbitt PLC,** who is Plaintiff's Attorney, whose address is **101 North Highland, Jackson, TN 38301**, within thirty (30) days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, a judgment by default will be taken against you for the relief demanded in the complaint.

Issued this __13th__ day of __December__, 2016.

By: __G. Lundy__
Deputy Clerk

---

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 2016, I served this summons together with a copy of the complaint herein as follows: _____

_____
_____
_____

_____
Sheriff

_____
Deputy Sheriff

ADA
IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE PLEASE CALL
1-731-988-3070

## IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

| | |
|---|---|
| **MARCUS LOVE** <br> **and DANYA LOVE,** | **FILED** |
| Plaintiffs, | DEC 1 3 2016 |
| v. | KATHY BLOUNT, CIRCUIT COURT CLERK <br> Civil Action No. C-16-355 |
| **ERIE INSURANCE COMPANY,** | **JURY DEMANDED** DIV II |
| Defendant. | |

### COMPLAINT

COME NOW the Plaintiffs, MARCUS LOVE and DANYA LOVE, by and through counsel, and submit the following for their Complaint against ERIE INSURANCE COMPANY:

### PARTIES AND JURISDICTION

1. Marcus Love and Danya Love (hereafter "the Loves") are citizens of Madison County, Tennessee. At all times relevant hereto, the Loves were the owners of the realty and dwelling located at 43 Woodland Drive, Jackson, Madison County, Tennessee (the "Insured Premises").

2. Defendant, Erie Insurance COMPANY (hereafter "Erie"), which is organized in the State of Pennsylvania and has its headquarters in the State of Pennsylvania, is engaged in the insurance business in the State of Tennessee, including Madison County.

3. This Complaint originates as the result of a fire that severely damaged the dwelling located on the Insured Premises and the contents located therein, and Erie's unlawful failure and refusal to promptly and fully pay the Loves' insurance claim.

## FACTS

4. At all times relevant hereto, the Loves were the insureds pursuant to an insurance contract whereby Erie agreed to insure the dwelling, other structures, and personal property located at the Insured Premises against property damage, bearing Policy No. Q60-5401279 (the "Policy"). The Policy's term was December 4, 2014 to December 4, 2015. The Policy is incorporated herein by reference as if set forth verbatim.

5. At all times relevant hereto, the Insured Premises consisted of a residential dwelling and surrounding area in which the Love family resided.

6. The Policy provided insurance coverage for accidental direct physical loss to the dwelling located on the Insured Premises, as well as coverage for damage to personal property resulting from accidental direct physical losses. The Policy also provided coverage for debris removal, additional living expenses, damage to trees, shrubs, plants, and lawns, and such other insurance coverage as specifically set forth in the Policy.

7. The Declarations page of the Policy reveals that coverage was provided in the following amounts:

    a. Dwelling                        $185,500 with Guaranteed Replacement Cost

    b. Other Structures             $37,100

    c. Personal Property            $139,125

    d. Additional Living Expenses    Loss of Use (up to 12 months)

8. The Policy is an "all-risks" policy, meaning that the Policy covered all risks of accidental direct physical loss except for those specifically excluded by the Policy.

9. Pursuant to the Policy, the Loves paid an annual premium to Erie in exchange for insurance coverage. The Loves paid the required premiums at all times relevant to this Complaint.

10. On or about May 1, 2015, an accidental fire damaged and/or destroyed the dwelling and personal property located on the Insured Premises (the "Loss").

11. The Policy was in effect at the time of the Loss, and the Loss is compensable under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

12. The Loves promptly reported the Loss to Erie.

13. The Loves fulfilled all of the duties after the Loss that were imposed upon them by the Policy.

14. Erie acknowledged the Loss is a compensable claim and made certain payments on the claim, but has refused to pay the entirety of the Loves' claim.

15. Despite the fact that the Loves fulfilled all duties imposed upon them by the Policy and are at no fault in this matter, Erie wrongfully failed and/or refused to fully and promptly pay the Loves' claim for insurance proceeds.

16. Erie has paid to repair a portion of the Insured Premises, but has failed to pay to repair all damage to the Insured Premises that resulted from the Loss.

17. Erie has paid for some of the personal property of the Loves, but has failed to pay for all personal property that was damaged as a result of the Loss.

18. Erie has paid some additional living expenses, but has failed to pay all additional living expenses incurred by the Loves as a result of the Loss.

19. On or about February 6, 2016, the Loves submitted a proof of loss to Erie.

20. On October 11, 2016, Erie wrote the Loves accusing them of making material misrepresentations in the presentment of their claim, claiming that they had violated the terms of the Policy, and that the Policy was void, and denying the claim of the Loves to the benefits rightfully due and owing to them under the Policy.

## CAUSES OF ACTION

### Breach of Contract

21. The allegations contained in the paragraphs above and below in this Complaint are incorporated herein by reference as if set forth verbatim.

22. The Policy issued by Erie was a binding contract, and is supported by valid consideration.

23. Erie is in total material breach of the Policy and is liable to the Loves in the maximum amount allowed by the Policy for the Loss. Specifically, Erie's breach of contract includes the following without limitation: (a) failure and refusal to pay the amounts owed to the Loves for the damage to the dwelling under the "Dwelling" coverage afforded by the Policy; (b) failure and refusal to pay all amounts owed to the Loves for the damage to their personal property under the "Personal Property" coverage afforded by the Policy; and (c) failure and refusal to pay such other amounts to the Loves as may be required by the Policy.

24. As a result of Erie's breach of contract, the Loves have sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the dwelling, replacement cost of the damaged personal property, and additional living expenses, plus consequential damages.

25. Erie is liable to the Loves for their losses.

26. Erie's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2013). Specifically, Erie intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of the Loves' claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding the Loves' claim for insurance proceeds; (3) unjustly refused and/or failed to pay the Loves' claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to treat the Loves' interests with equal regard to its own; (5) promised prompt action and claim-handling but then failed to provide reasonable payment to compensate the Loves' for their insured losses; (6) failed and refused to pay the Loves' valid claim; (7) unnecessarily delayed payment of the Loves' insured losses; (8) misrepresented relevant facts and policy provisions to the Loves; (9) failed to adopt and implement reasonable standards for the prompt investigation and settlement of claims; (10) forced the Loves to file suit in order to enforce their rights under the Policy; (11) offered the Loves substantially less than the amounts due the Loves; (12) failed to affirm or deny coverage within a reasonable time; (13) ignored valid portions of the Loves' claim for no good reason and with no explanation; (14) accused the Loves of making material misrepresentations with regard to personal property that Erie and/or its agents never bothered to inspect; (15) lied to the Loves regarding matters pertinent to their claim; and (16) such other facts and circumstances as alleged in this Lawsuit and/or to be shown at trial. Erie knew, or reasonably should have known, that the Loves were justifiably relying on the money and benefits due them under the terms of the Policy. Nevertheless, acting with conscious disregard for the Loves' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on the

Loves, Erie consciously ignored the Loves' valid claim and then denied the Loves' claim and withheld monies and benefits rightfully due the Loves. The Loves seek, and are entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, the Loves would respectfully request that this Honorable Court award a judgment against Erie as follows:

    A.    For compensatory damages not to exceed $300,000.00;

    B.    For punitive damages against Erie not to exceed $3,000,000.00;

    C.    For all costs incurred by the Loves as a result of this action;

    D.    For pre and post-judgment interest; and

    E.    For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

The Loves demand a jury of their peers.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT PLC

_____
CLINTON H. SCOTT #23008
cscott@gilbertfirm.com
101 N. Highland Ave.
Jackson, Tennessee 38301
Telephone: (731) 664-1340
Facsimile: (731) 664-1540

*ATTORNEYS FOR THE PLAINTIFFS*

## COST BOND

This Firm stands as surety for costs in this matter.

_____

7